No. 23-1471

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

WAYSIDE CHURCH, et al., *Plaintiffs-Appellees*,

v.

VAN BUREN COUNTY, MI, et al., *Defendants-Appellees*,

and

VISSER AND ASSOCIATES, PLLC, et al., *Appellants*.

On Appeal from the United States District Court
for the Western District of Michigan
Docket No. 1:14-cv-01274
The Honorable Paul J. Maloney

**APPELLEE COUNTIES' BRIEF**

Matthew T. Nelson
Ashley G. Chrysler
Warner Norcross + Judd LLP
150 Ottawa Avenue NW, Suite 1500
Grand Rapids, MI 49503
(616) 752-2000
mnelson@wnj.com
achrysler@wnj.com

*Attorneys for Defendants-Appellees*
*Kent and Ottawa Counties*                    Dated: October 13, 2023

[ADDITIONAL COUNSEL ON NEXT PAGE]

Charles A. Lawler
Cynthia Filipovich
Magy Shenouda
Clark Hill
215 S. Washington Square, Suite 200
Lansing, MI 48933
(517) 318-3016

*Attorneys for Defendants-Appellees
Baraga and Ontonagon Counties*

Theodore W. Seitz
Dykema Gossett PLLC
201 Townsend Street, Suite 900
Lansing, MI 48933
(517) 374-9100

*Attorneys for Defendant-Appellee Van
Buren County*

Allan Vander Laan
Douglas J. Curlew
Cummings McClorey Davis & Acho
17436 College Parkway, Third Floor
Livonia, MI 48152
(734) 261-2400

*Attorneys for Defendants-Appellees
Alger, Allegan, Antrim, Barry, Benzie,
Berrien, Calhoun, Cass, Chippewa,
Delta, Dickinson, Eaton, Emmet,
Gogebic, Grand Traverse, Hillsdale,
Houghton, Ingham, Ionia, Iron,
Kalamazoo, Kalkaska, Lake, Leelanau,
Mackinac, Manistee, Marquette,
Mason, Menominee, Missaukee,
Montcalm, Muskegon, Newaygo,
Oceana, Osceola, St. Joseph,
Schoolcraft, and Wexford Counties*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ....................................................................... v

STATEMENT REQUESTING ORAL ARGUMENT .............................................. 1

JURISDICTIONAL STATEMENT ........................................................... 1

STATEMENT OF ISSUES FOR REVIEW ............................................... 2

INTRODUCTION ................................................................................. 3

STATEMENT OF THE CASE .................................................................. 5

    After years of litigation and extensive negotiations, the parties agree
to a settlement involving more than half of Michigan counties ..................... 5

    The Vissers send improper solicitations to class members, including
named Plaintiffs ........................................................................... 7

    The district court orders the Vissers to show cause for violating the
Michigan Rules of Professional Conduct ....................................... 10

    At the show-cause hearing, class counsel presents additional evidence
of the Vissers' post-certification solicitations ............................... 11

    The district court prohibits the Vissers from communications with
certain class members .................................................................... 12

    The district court and this Court narrow the protective order ..................... 13

STANDARD OF REVIEW .................................................................. 15

SUMMARY OF THE ARGUMENT ..................................................... 16

ARGUMENT ................................................................................... 17

Page

I.    Because the opt-out deadline has passed, reversal of the
      protective order will not provide the Vissers a remedy, so the
      appeal is moot......................................................................................18

II.   There is no longer a live controversy because the narrowed
      scope of the protective order only prohibits the Vissers from
      doing what they repeatedly said they would not do...........................19

CONCLUSION AND REQUESTED RELIEF ......................................................22

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Diaz v. Kinkela*,
253 F.3d 241 (6th Cir. 2001) .........................................................................2, 17

*Fox v. Saginaw Cnty., Michigan*,
35 F.4th 1042 (6th Cir. 2022) .........................................................................1, 15

*Gentry v. Deuth*,
456 F.3d 687 (6th Cir. 2006) ................................................................................17

*Knick v. Township of Scott, Pennsylvania*,
139 S. Ct. 2162 (2019) ..........................................................................................5

*Libertarian Party of Ohio v. Blackwell*,
462 F.3d 579 (6th Cir. 2006) .................................................................17, 19, 22

*McPherson v. Michigan High School Athletic Association, Inc.*,
119 F.3d 453 (6th Cir.1997) ................................................................................19

*Memphis A. Philip Randolph Institute v. Hargett*,
2 F.4th 548 (6th Cir. 2021) ..............................................................................2, 19

*Michigan Coalition of Radioactive Material Users, Inc. v.
Griepentrog*,
945 F.2d 150 (6th Cir. 1991) ...............................................................................14

*Rafaeli, LLC v Oakland County*,
952 N.W.2d 434 (Mich. 2020)...........................................................................4, 5

*Wayside Church v. Van Buren County*,
847 F.3d 812 (6th Cir. 2017) .................................................................................5

**Statutes**

28 U.S.C. § 1292....................................................................................................1

28 U.S.C. § 1331....................................................................................................2

<u>Page(s)</u>

28 U.S.C. § 1343 ...................................................................................2

42 U.S.C. § 1983 ...................................................................................2

**Rules**

Federal Rule of Civil Procedure 23 ........................................................15

Michigan Rule of Professional Conduct 4.2 ...............................11, 12, 21

## STATEMENT REQUESTING ORAL ARGUMENT

Oral argument is not necessary because, as discussed below, the appeal is moot.  However, in light of Appellants' request for oral argument, the County Defendants also preserve their request for oral argument.

## JURISDICTIONAL STATEMENT

The district court had subject-matter jurisdiction because the underlying claims arose under the U.S. Constitution and 42 U.S.C. § 1983. See 28 U.S.C. §§ 1331, 1343. The court had personal jurisdiction because each of the Defendants is located in Michigan.

The County Defendants concur that Appellants timely filed a notice of appeal from the district court's Opinion and Order Regarding Emergency Motion for Protective Order and Motions to Quash and Protective Order. The County Defendants also concur that this Court would normally have jurisdiction to review these orders because they are injunctions under 28 U.S.C. § 1292(a)(1), and because the collateral-order doctrine applies, *Fox v. Saginaw Cnty., Michigan*, 35 F.4th 1042, 1047 (6th Cir. 2022).

However, as explained further below, this appeal is moot. First, the opt-out deadlines for the underlying class action have all passed, meaning that the Vissers can no longer communicate with class members regardless of the protective order because they are represented by Class Counsel. Thus, a favorable judicial decision

from this Court will provide no relief to the Vissers. Second, there is no longer an actual, ongoing controversy because, following this Court's stay order that effectively modified the underlying objection, the protective order only prevents the Vissers from doing what they already told the district court they would not do—communicate with class members who they solicited post-preliminary certification. As a result, this Court lacks subject-matter jurisdiction over this appeal. *See Diaz v. Kinkela*, 253 F.3d 241, 243 (6th Cir. 2001); *Memphis A. Philip Randolph Inst. v. Hargett*, 2 F.4th 548, 558 (6th Cir. 2021).

## STATEMENT OF ISSUES FOR REVIEW

1.  Is this appeal moot because the opt-out deadline has passed, thereby preventing the Vissers from communicating with class members regardless of the protective order?

2.  Is there an actual, ongoing controversy even though this Court's stay order narrowed the effect of the protective order such that it only prevents the Vissers from doing precisely what they told the district court they would not do— communicate with class members they solicited post-preliminary certification?

**INTRODUCTION**

After eight years of litigation and extensive negotiations with the active assistance of the Sixth Circuit Mediation Office, the parties in this action reached a proposed settlement. Immediately upon learning of this proposed settlement, Appellants Donald Visser, Donovan Visser, and their eponymously named firm, Visser and Associates (collectively the "Vissers") commenced a campaign to poach class members, opt them out of the settlement, and ultimately, undermine the proposed settlement. The Vissers' correspondence to putative class members included misleading statements and omitted material information regarding the case and settlement. Worse still, the Vissers solicited at least four named Plaintiffs known to be represented by class counsel, and solicited at least one class member after the class was preliminarily certified, despite repeatedly representing to the district court that they would not do so. In light of these actions and to protect the class members, the district court exercised its duty and authority to regulate communications with potential class members by issuing a protective order that prevented the Vissers from engaging in additional abusive communications.

This is not the first time the Vissers have engaged in this type of improper behavior. Recently, a judge in a separate class action involving similar claims issued a show-cause order why the Vissers should not be sanctioned for apparently abusive solicitations of class members. (Order to Show Cause, *Fox v. Saginaw*

*Cnty.*, No. 19-cv-11887 (E.D. Mich.), R. 150, PageID.3341.) And the Vissers'

overarching goal of capitalizing on the decision in *Rafaeli, LLC v Oakland County*,

952 N.W.2d 434 (Mich. 2020) has been made clear through the number of actions

the Vissers have initiated and inserted themselves into in recent years, including a

class-action settlement wherein the Vissers obtained $2.1 million to resolve

objections, but class members were only paid about $5 million (and the class

counsel got $11 million.) *See, e.g.*, *Bowles v. Sabree*, No. 20-cv-12838 (E.D.

Mich.); *Palakurthi v. Wayne Cnty.*, No. 21-10707 (E.D. Mich.); *Calkins v. Kent

Cnty.*, No. 21-cv-62 (W.D. Mich.).

        The County Defendants have serious reservations about the Vissers'

unabashed attempts to undermine the settlement for their own pecuniary gain and

agree with the Class that the district court did not abuse its discretion in issuing the

protective order. But this Court need not even reach that question because this

appeal is moot. Because the protective order is only effective before the end of the

opt-out period, which has now expired, reversal of the protective order will provide

no relief to the Vissers. Further, there is no longer a live controversy because the

narrowed scope of the protective order only prohibits the Vissers from doing what

they repeatedly said they would not do. Thus, there is no error from which the

Vissers can claim a redressable injury.

## STATEMENT OF THE CASE

**After years of litigation and extensive negotiations, the parties agree to a settlement involving more than half of Michigan counties**

The Original Plaintiffs, Wayside Church, Henderson, Hodges, and Myron Stahl, initiated this action in 2014. (Compl., R. 1, PageID.1) The Original Plaintiffs claimed that Michigan counties violated the Takings Clause by selling tax-foreclosed properties for more than the sum of the unpaid taxes, fees, interest, and penalties and then failing to pay the surplus proceeds to the former property owners. (*Id.* at ¶¶ 25-42, PageID.13-16.) The Original Plaintiffs alleged claims on behalf of a class of individuals across the state of Michigan. (*Id.* at ¶ 61, PageID.22.) Over the next several years, the matter bounced between the district court and this Court as landmark decisions altered the applicable law. The Original Plaintiffs targeted their claims against Van Buren County but alleged a class of defendants that included all other Michigan counties. (*Id.* ¶ 69, PageID.23-24.)

Between 2014 and 2020, this case was dismissed for failure to state a claim (Op. & Order Granting Mot. to Dismiss, R. 38, PageID.405); appealed; remanded to dismiss for lack of jurisdiction, *see Wayside Church v. Van Buren Cnty.*, 847 F.3d 812, 822 (6th Cir. 2017); dismissed for lack of jurisdiction (Order Dismissing Case, R. 45, PageID.522); and reopened but stayed pending *Knick v. Township of Scott, Pennsylvania*, 139 S. Ct. 2162 (2019) and *Rafaeli, LLC v. Oakland County*, 952 N.W.2d 434 (Mich. 2020). The *Knick* and *Rafaeli* decisions provided this case

new life, prompting the Court to lift the stay. (Order Granting Mot. to Lift Abeyance, R. 93, PageID.1132.) Defendants then moved to dismiss the action for various reasons. (Mot. to Dismiss, R. 94, PageID.1133.) The district court granted in part (and denied in part) Defendants' motion to dismiss, including denying the Defendants' claim to sovereign immunity. (Op., R. 140, PageID.1958.) Defendants appealed (Not. of Appeal, R. 160, PageID.2174), and the Court stayed the case again pending appeal (Order Staying Case, R. 162, PageID.2179).

This Court sent the case to mediation. (Fink Decl. ¶ 9, R. 222, PageID.3719.) Beginning in April 2021 and continuing through December 2022, first Van Buren then almost all the counties in the Western District of Michigan conducted extensive negotiations with the active facilitation of the Court's mediation office. (*Id.*) After extensive negotiations including two in-person sessions, the parties reached a framework for a settlement. The Counties' counsel then obtained approval of the settlement agreement (the "Settlement") from each County's Board of Commissioners at public meetings in November and December 2022. (*Id.* at ¶¶ 9-12, PageID.3719-20.)

The Original Plaintiffs and Van Buren County petitioned this Court for a limited remand to address class certification and approval of the Settlement, which this Court granted on December 9, 2022. (Order for Limited Remand, R. 165, PageID.2191.)

After remand, the Original Plaintiffs twice amended the complaint, adding almost all of the Western District counties as Defendants and a plaintiff who alleged harm traceable to each defendant county. (*See* Second Am. Compl., R. 187, PageID.2747; Third Am. Compl., R. 197, PageID.2988.) The Plaintiffs then filed an unopposed motion to preliminarily certify a class and approve the class settlement. (Mot. for Prelim. Approval, R. 219, PageID.3539.) On Friday, March 24, 2023, the district court granted preliminary approval of the Settlement and conditionally certified the Settlement Class and Sub-Classes. (Prelim. Approval Order, R. 234, PageID.4145.)

## The Vissers send improper solicitations to class members, including named Plaintiffs

The Vissers were relative late-comers to the tax-foreclosure cases. After the Michigan Supreme Court declared portions of Michigan's General Property Tax Act to be unconstitutional in *Rafaeli*, the Vissers began soliciting clients throughout Michigan. The Vissers quickly put themselves in hot water with the United States District Court of the Eastern District of Michigan. There, after class counsel in *Fox v. County of Saginaw* learned of the Vissers' solicitations, they petitioned the district court for a protective order against the Vissers. (*Fox v. Cnty. of Saginaw*, Case No. 19-cv-11887 (TLL) (E.D. Mich.), Mot. for Protective Order, R. 129, PageID.2541.) There, *Fox* class counsel explained that Visser was

"improperly and inappropriately solicit[ing]" class members to pillage the class, including through sending "communications [that] contain[ed] misleading statements and omit[ted] material and crucial information." (*Id.* at ¶¶ 1-2, PageID.2542.) Fox further claimed that Visser had violated the Michigan Rules of Professional Conduct by, among other misconduct, contacting class members known to be represented by counsel. (Br. in Support of Mot. for Protective Order at 13-16, *Fox*, Case No. 19-cv-11887 (TLL) (E.D. Mich.), ECF No. 129, PageID.2563-66.) Fox further observed that Visser's campaign appeared vulturine, as Visser was "retaining class members for an excessive, if not outrageous **50%** contingency fee." (*Id.* at 4, PageID.2554 (emphasis in original).) The district court issued a show-cause order.[1] (*Fox v. Cnty. of Saginaw*, Case No. 19-cv-11887 (TLL) (E.D. Mich.), Order to Show Cause, R. 150, PageID.3340.)

Visser also objected to the class settlement with Oakland County in *Bowles v. Wayne* County, and he filed about 50 opt outs. (*Bowles v. Sabree*, No. 20-cv-

---

[1] Following a purportedly transformative meet-and-confer with Visser, Fox represented that a protective order was no longer necessary because, in effect, Visser had admitted it made a mistake and learned its lesson. (*See Fox v. Cnty. of Saginaw*, Case No. 19-cv-11887 (TLL) (E.D. Mich.), Response to Show Cause Order, R. 152, PageID.3345.) As a result of these representations, the court decided that a protective order was not necessary. (*See Fox v. Cnty. of Saginaw*, Case No. 19-cv-11887 (TLL) (E.D. Mich.), Order Vacating Show Cause Order, R. 156, PageID.3452.)

12838 (E.D. Mich.), Obj. to Class Action Settlement, R. 90, PageID.2195.) The
Vissers reached an agreement with *Bowles* class counsel to resolve the objections
in exchange for, among other consideration, the payment of $2.1 million to the
Vissers from class counsel's fee. (*Bowles v. Sabree*, No. 20-cv-12838 (E.D.
Mich.), Withdrawal of Obj., R. 98, PageID.2626; Fairness Hr'g Tr., R. 111,
PageID.2808.)

After learning of the proposed Settlement, on December 12, 2022, the
Vissers filed a motion to intervene in this matter on behalf of "numerous parties,"
complaining about the proposed Settlement. (Mot. to Intervene, R. 166,
PageID.2192.) The district court quickly denied that motion, observing that it was
a procedurally improper attempt to oppose the proposed Settlement. (Order, R.
186, PageID.2745.) This was merely the first skirmish in the Vissers' campaign to
undermine the Settlement.[2]

A few weeks later, the parties learned that after the proposed Settlement had
become public, the Vissers had begun soliciting class members—including at least
four named Plaintiffs known to be represented by class counsel. (*See* Br. in Supp.

---

[2] Notably, the potential recovery of 80% of the surplus proceeds as to each Eligible
Property in this Settlement is far more favorable to the class members than the
settlement in *Bowles*, from which the Vissers were happy to take a part of the
overly generous attorneys' fees. Nonetheless, the Vissers have filed or joined more
than seven challenges to the Settlement or Class Counsel and have submitted opt
outs for 388 individuals. (*See generally*, W.D. Mich. Docket.)

of Emergency Mot. for Protective Order, R. 246, PageID.4190.) The letters advised

these individuals that they have been identified as a taxpayer that may have been

victimized "by a foreclosure for unpaid property taxes" and the retention of

"surplus proceeds" by a county treasurer. (*See* Letter, R. 246-1, PageID.4206.)

They further stated that recipients "have a potential real claim to recover funds the

county wrongfully withheld," and that, although "taxing authorities" have

historically been "keep[ing] all the money," the Vissers "[n]ow . . . believe there is

relief available to those victims and their estates or heirs." (*Id*.) The letters go on to

state that, if the recipients are "interested in knowing more about our claims

process or are interested in pursuing a claim," they can contact the Vissers' office.

(*Id*.) Despite the Vissers' knowledge of the Settlement at the time they sent the letters

to class members (including multiple named plaintiffs), the letters were silent as to

the *Wayside Church* action and Settlement. (*Id.*)

### The district court orders the Vissers to show cause for violating the Michigan Rules of Professional Conduct

As a result of the Vissers' solicitations, class counsel filed an emergency

motion for protective order. (Emergency Mot. for Protective Order, R. 245;

PageID.4182.) The Vissers responded to class counsel's motion, asserting, among

other things, that the motion was not necessary because the Vissers "recognize[]

that the Court's certification of the Wayside class precludes further solicitations."

(Resp. to Mot. for Protective Order 3, R. 250, PageID.4229.)  The Vissers

expressly stated that "when Class Counsel contacted Visser regarding this motion,

Donald Visser assured them that no letters were sent after the Court granted

preliminary certification and that no new letters would be sent." (*Id.* at 2,

PageID.4228.) The Vissers also attached (1) a declaration from Donald Visser in

which he indicated that he had informed class counsel that "no soliciting

communications had been sent to any class members in the Western District since

the class had been certified and that none would be sent in the future" (Visser Decl.

¶ 24, R. 250-1, PageID.4261), and (2) an email to class counsel in which Donald

Visser stated that "Visser and Associates has not sent any solicitations to anyone in

the Western District of Michigan after March 23, 2023 and have no intention of

doing so" (Visser Email, R. 250-4, PageID.4272).

The district court ordered the Vissers to appear for a hearing on May 8,

2023, and show cause why they should not be sanctioned for violating Michigan

Rule of Professional Conduct ("MRPC") 4.2 by communicating with named

Plaintiffs. (Order, R. 272, PageID.4443.)

**At the show-cause hearing, class counsel presents additional evidence of the Vissers' post-certification solicitations**

The district court held a show cause hearing on May 8, 2023. At the show-

cause hearing, Class Counsel provided four additional letters the Vissers had sent

to named plaintiffs. (5/8/23 Hr'g Tr., R. 310, PageID.5130.) And despite the

Vissers' multiple representations that they would not solicit class members post-

certification, one of these letters was sent on May 2, 2023—nearly a month and a

half after the preliminary certification and less than a week before the show cause

hearing. (*Id.* at 20-21, PageID.5138-39.)

After hearing arguments from both sides, the district court concluded at the

hearing that it would reprimand the Vissers for contact with named parties in

violation of Michigan Rule of Professional Conduct 4.2. (*Id.* at PageID.5171.) The

court indicated that it would issue orders addressing the reprimand and remedial

issues. (*Id.* at 52-53, PageID.5170-71.)[3]

## The district court prohibits the Vissers from communications with certain class members

On May 15, 2023, the district court entered an order finding that the Vissers

had improperly solicited represented class members, and that, contrary their

representations to the court, the Vissers had continued to improperly solicit

represented class members after acknowledging "that the Court's certification of the

_____

[3] At the conclusion of the hearing, the district court also confronted the Vissers about taking pictures inside the courtroom contrary to the court's standing order prohibiting such conduct. (*Id.* at 53, PageID.5171.) Donovan Visser admitted that he had made a "bad decision" to take pictures of the other attorneys in the courtroom before the hearing and ultimately agreed to delete the pictures from his phone to avoid further discipline from the court. (*Id.* at 54, PageID.5172.)

Wayside class precludes further solicitation[.]" (Order 2-3, R. 273, PageID.4457-58.) The district court noted that "[s]ince March 24, 2023, Visser claims it has not communicated with class members it did not represent before the preliminary approval of the class. . . . If such assertions were true, this order would not affect Visser's conduct. But it appears that such assertions may not be true." (*Id.* at 4, PageID.4459.) As a result, the district court authorized Class Counsel to conduct limited discovery to determine whether the Vissers had communicated with other class members after preliminary certification. (*Id.*)

Based upon these findings, the district court also issued a formal order of reprimand (Op. Resolving Show Cause Order & Formal Order of Reprimand, R. 272, PageID.4443), and entered a protective order barring the Vissers from communicating with class members who had not retained the Vissers before the preliminary approval of the class on March 24, 2023 (Protective Order, R. 274, PageID.4463).

**The district court and this Court narrow the protective order**

The Vissers filed an emergency motion for a stay of the protective order pending appeal in the district court. (Emergency Mot. for Stay, R. 276, PageID.4467.) The next day, the Vissers filed an emergency motion for stay with this Court. (Emergency Mot. for Stay, ECF No. 4.)

The district court denied the Vissers' motion to stay, finding that they had failed to establish any of the four stay factors, set forth by this Court in *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). (Order Den. Mot. to Stay, R. 287, PageID.4660.) However, the district court did clarify the protective order in response to the Vissers' objections, permitting the Vissers to communicate with class members who reach out to the Vissers after class certification, only if the Vissers had "*never* communicated with or solicited [such persons] in the past regarding the subject matter of this case."(*Id.* at PageID.4662 (emphasis in original).)

A few weeks later, this Court granted the Vissers' motion to stay in part. Specifically, this Court held that, as to the group of class members to whom the Vissers sent post-certification letters, "the district court had a legal and factual basis to conclude that this communication threatened the administration of the class action." (Or. Regarding Stay Mot., ECF No. 36 at 3.) This was, in part, because the Vissers "themselves conceded below that post-certification communication is inappropriate." (*Id.*) However, this Court stayed the protective order as to the group of class members with whom the Vissers had pre-certification but no post-certification contact. (*Id.* at 5.) Specifically, this Court noted that "[i]f the offensive conduct was the Vissers' abusive post-certification communication,

14

the protective order should only apply to class members who received post-

certification communication from the Vissers." (*Id.* at 3-4.)

## STANDARD OF REVIEW

This Court reviews orders restricting communication with class members for

an abuse of discretion.  *See Fox v. Saginaw Cnty., Mich.*, 35 F.4th 1042, 1047 (6th

Cir. 2022) (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 103 (1981)).  "A district

court abuses its discretion if its order is supported by 'neither factual findings nor

legal arguments.' "  *Id.* (quoting *In re Nat'l Prescription Opiate Litig.*, 927 F.3d

919, 929 (6th Cir. 2019)).

Federal Rule of Civil Procedure 23 "grants federal courts 'broad authority'

to manage class-action litigation."  *Id*.  "That authority includes the power to

restrict 'abus[ive]' communications directed at class members."  *Id.* (quoting *Gulf

Oil*, 452 U.S. at 101–02 (alteration in original)).  "Abusive communications

include anything related to the litigation that 'pose[s] a serious threat to the fairness

of the litigation process, the adequacy of representation, and the administration of

justice generally.' "  *Id.* (alteration in original) (quoting *In re Sch. Asbestos Litig.*,

842 F.2d 671, 680 (3d Cir. 1988)).  Examples include "sharing misleading

information, misrepresenting the nature of the class action, or coercing prospective

class members to opt out of a class."  *Id.*

## SUMMARY OF THE ARGUMENT

This Court need not reach the Vissers' arguments because the appeal is moot.

*First*, by the Vissers' own acknowledgement, the question before this Court is whether the protective order improperly barred the Vissers from communicating with class members after certification but before the termination of the opt-out period.  Because the opt-out period has now expired, reversal of the protective order will provide no relief to the Vissers.

*Second*, even before the opt-out deadline passed, the Court's stay order resulted in the protective order being limited to prohibiting the very conduct that the Vissers repeatedly said that they would not do—initiating communications with and soliciting class members after the district court's preliminary-approval ruling. Despite the divergence between what the Vissers told the district court and what they actually did, the Vissers cannot contend that an order that prohibited them from doing the very thing that the Vissers said that they would not do caused the Vissers any injury. To the contrary, the Vissers have only themselves to blame for the district court's protective order barring them from engaging in conduct that they affirmatively pledged not to undertake.

Accordingly, the appeal should be dismissed for lack of subject-matter jurisdiction.

16

**ARGUMENT**

Mootness implicates Article III's "case or controversy" requirement. *Gentry v. Deuth*, 456 F.3d 687, 693 (6th Cir. 2006). For a case to continue through the court system, it must continually possess what was required for the case at the outset—a justiciable case or controversy as required by Article III. *Diaz v. Kinkela*, 253 F.3d 241, 243 (6th Cir. 2001) (citing U.S. Const. art. III, § 2, cl. 1). " 'This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.' " *Id.* (citation omitted). "Therefore, an appellant seeking relief 'must have suffered, or be threatened with, an actual injury traceable to the [appellee] and likely to be redressed by a favorable judicial decision [by the appellate court.]' " *Id.* (citation omitted). Because the continuing case or controversy requirement has its roots in the Constitution, it may not be ignored, particularly when the matter involves a constitutional question. *See id.* (citing and quoting *Burton v. United States*, 196 U.S. 283, 295 (1905) ("It is not the habit of the Court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case.")). And if a controversy becomes moot during an appeal, the court cannot reach the merits and must dismiss the appeal for want of jurisdiction. *See Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 584 (6th Cir. 2006) (citation omitted).

**I.    Because the opt-out deadline has passed, reversal of the protective order will not provide the Vissers a remedy, so the appeal is moot.**

The Vissers' appeal takes issue with the protective order's ban on communications during the period between when the class was certified and when the opt-out period expired. (Appellants' Br. 2 (raising the issue in their first question presented of whether the district court erred by barring the Vissers from "communicating with absent members of a preliminarily certified class after certification but *before the termination of the opt out period*." (emphasis added)).) In fact, the Vissers have acknowledged that after expiration of the opt-out period, they could not communicate with class members who did not opt out because those class members are represented by class counsel. (*Id.* at 15 n.6 (noting that the Visser's position below and on appeal is that " 'contact with absent class members is not a violation of MRPC 4.2' between certification and *the end of the opt out period*" (emphasis added)).  In granting a partial stay of the protective order, this Court similarly recognized that certain communications between absent class members and the Vissers were permissible "at least until the opt-out period ends." (Order Regarding Stay Mot., ECF No. 36 at 4.)

Here, the opt-out period expired 120 calendar days after entry of the Preliminary Approval Order—or July 22, 2023. (Prelim. Approval Order, R. 234, PageID.4145.) Because the opt-out period has now expired, by the Vissers' own

18

acknowledgement, they cannot communicate with class members who did not opt out, regardless of whether the protective order remains in place.  Mootness generally depends on "whether the relief sought would, if granted, make a difference to the legal interests of the parties." *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.,* 119 F.3d 453, 458 (6th Cir.1997) (en banc) (cleaned up). Given that reversal of the protective order will not offer the Vissers the relief that they now seek, the case is moot. This Court should accordingly dismiss the appeal for lack of subject-matter jurisdiction. *Libertarian Party of Ohio*, 462 F.3d at 584 (citation omitted).

## II. There is no longer a live controversy because the narrowed scope of the protective order only prohibits the Vissers from doing what they repeatedly said they would not do.

Even before the expiration of the opt-out period, the appeal was effectively moot for an additional reason: this Court's stay order narrowed the scope of the protective order such that there is no live controversy. An actual, ongoing controversy exists when there is a "genuine dispute[ ] between adverse parties, where the relief requested would have a real impact on the legal interests of those parties." *Memphis A. Philip Randolph Inst. v. Hargett*, 2 F.4th 548, 557–58 (6th Cir. 2021). Here, any injury the Vissers may have suffered from the protective order was remedied by this Court's partial stay of the protective order.

The protective order initially prevented the Vissers from soliciting or communicating with any class members that had not retained the Vissers before the preliminary approval order. (Protective Order, R. 274, PageID.4463.) After the Vissers filed their motion for stay with the district court, the court clarified that the protective order allowed the Vissers to communicate with class members whom the Vissers had not previously solicited or communicated with, but who affirmatively contacted the Vissers for representation. (Order Den. Mot. to Stay, R. 287, PageID.4662.) Thereafter, this Court narrowed the scope of the protective order "insofar as it prohibits the Vissers from communicating with class members who initiate or reinitiate contact during the opt-out period without having received post-certification communication from the Vissers, including those who returned a signed representation agreement after March 24 without intervening post-certification communication." (Order re Stay Mot., ECF No. 36 at 5.) The net result: after the partial stay, the Vissers were enjoined from soliciting class members after preliminary certification and were barred from communicating with class members to whom the Vissers had sent a post-certification solicitation despite telling the district court that they would not do so. (*Id.* at 3.)

The Vissers cannot claim an injury based on these restrictions because they track what the Vissers repeatedly told the district court they would not do—solicit class members post-certification. Stated differently, the Vissers' supposed "injury"

arose from their own representations to the district court and subsequent conduct, not any alleged overreach by the district court.

In their brief on appeal, the Vissers argue that they were harmed by the protective order because it was overbroad insofar as the district court "set no limitation on its ban." (Appellants' Br. 19-22.)  But the Vissers' brief omits any reference to the district court's subsequent clarification of the protective order's scope. And the Vissers' only reference to this Court's stay order is in a footnote for purposes of indicating that the Vissers believe the Court's stay order improperly characterized the Vissers' argument below. (*Id.* at 15 n.6.) By failing to even reference these subsequent orders, the Vissers ignore the "limitation" on the district court's protective order. Nor do the Vissers acknowledge that the only thing the Vissers are prevented from doing is exactly what they told the district court they would not do.

The Vissers further argue that they are harmed because the district court improperly applied Michigan Rule of Professional Conduct 4.2(a). (Appellants' Br. 15-19.) But that is irrelevant because the protective order's narrowed scope conforms to the Vissers' voluntary representations as to what they would not do— solicit class members after the preliminary approval order entered.

"If 'the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' then the case is moot and the court has no

21

jurisdiction." *Libertarian Party of Ohio*, 462 F.3d at 584 (citation omitted). That is precisely the case here. Accordingly, this Court should dismiss this appeal for this additional reason.

## CONCLUSION AND REQUESTED RELIEF

For the reasons set forth above, the County Defendants respectfully request that this Court dismiss the Vissers' appeal for lack of subject-matter jurisdiction. If the Court does not conclude that the appeal is moot, the protective order as modified should be affirmed because it is a proper exercise of the district court's discretion.

Dated:  October 13, 2023

*s/ Matthew T. Nelson*
Matthew T. Nelson
Ashley G. Chrysler
Warner Norcross + Judd LLP
150 Ottawa Avenue NW, Suite 1500
Grand Rapids, MI 49503
(616) 752-2000
mnelson@wnj.com
achrysler@wnj.com
*Attorneys for Defendants-Appellees*
*Kent and Ottawa Counties*

Charles A. Lawler
Cynthia Filipovich
Magy Shenouda
Clark Hill
215 S. Washington Square, Suite 200
Lansing, MI 48933
(517) 318-3016

Douglas J. Curlew
Cummings McClorey Davis & Acho
17436 College Parkway, Third Floor
Livonia, MI 48152
(734) 261-2400

*Attorneys for Defendants-Appellees*
*Alger, Allegan, Antrim, Barry, Benzie,*
*Berrien, Calhoun, Cass, Chippewa,*
*Delta, Dickinson, Eaton, Emmet,*
*Gogebic, Grand Traverse, Hillsdale,*
*Houghton, Ingham, Ionia, Iron,*
*Kalamazoo, Kalkaska, Lake, Leelanau,*
*Mackinac, Manistee, Marquette,*
*Mason, Menominee, Missaukee,*
*Montcalm, Muskegon, Newaygo,*

*Attorneys for Defendants-Appellees*
*Baraga and Ontonagon Counties*

*Oceana, Osceola, St. Joseph,*
*Schoolcraft, and Wexford Counties*

Theodore W. Seitz
Dykema Gossett PLLC
201 Townsend Street, Suite 900
Lansing, MI 48933
(517) 374-9100
*Attorneys for Defendant-Appellee Van*
*Buren County*

054096.197171 #29390743-3

23

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with the type-volume limitation pursuant to Fed. R. App. P. 32(a)(7)(B).  The foregoing brief contains 4,820 words of Times New Roman 14-point proportional type.  The word processing software used to prepare this brief was Microsoft Word 2016.

Dated:  October 13, 2023

*s/ Matthew T. Nelson*
Matthew T. Nelson
Ashley G. Chrysler
Warner Norcross + Judd LLP
150 Ottawa Avenue NW, Suite 1500
Grand Rapids, MI 49503
(616) 752-2000
mnelson@wnj.com
achrysler@wnj.com

*Attorneys for Defendants-Appellees Kent and Ottawa Counties*

## CERTIFICATE OF SERVICE

This certifies that Appellant's Brief was served October 13, 2023, by electronic mail using the Sixth Circuit's Electronic Case Filing system on all parties and counsel of record.

Dated:  October 13, 2023

*s/ Matthew T. Nelson*
Matthew T. Nelson
Ashley G. Chrysler
Warner Norcross + Judd LLP
150 Ottawa Avenue NW, Suite 1500
Grand Rapids, MI 49503
(616) 752-2000
mnelson@wnj.com
achrysler@wnj.com

*Attorneys for Defendants-Appellees Kent and Ottawa Counties*

# DESIGNATION OF RECORD

| Doc. Entry No. | Date Entered | Page ID Range | Description of Doc. |
|---|---|---|---|
| R.1 | 12/11/14 | 1-24 | Complaint |
| R.38 | 11/09/15 | 405 | Opinion and Order Granting Motion to Dismiss |
| R.45 | 03/28/17 | 522 | Order Dismissing Case |
| R.93 | 07/31/20 | 1132 | Order Granting Motion to Lift Abeyance |
| R.94 | 08/31/20 | 1133 | Defendants' Motion to Dismiss |
| R.140 | 02/16/21 | 1958 | Opinion |
| R.160 | 03/17/21 | 2174 | Notice of Appeal |
| R.162 | 04/09/21 | 2172 | Order Staying Case |
| R.165 | 12/09/22 | 2191 | Order for Limited Remand |
| R.166 | 12/13/22 | 2192 | Motion to Intervene |
| R.186 | 01/03/23 | 2745 | Order |
| R.187 | 01/10/23 | 2747 | Second Amended Complaint |
| R.197 | 02/06/23 | 2988 | Third Amended Complaint |
| R.222 | 03/14/23 | 3719-3720 | Fink Declaration |
| R.234 | 03/24/23 | 4145 | Preliminary Approval Order |
| R.245 | 03/29/23 | 4182 | Emergency Motion for Protective Order |
| R.246 | 03/29/23 | 4190 | Brief in Support of Emergency Motion for Protective Order |
| R.246-1 | 03/29/23 | 4206 | Exhibit to Brief in Support of Emergency Motion for Protective Order – Letter |
| R.250 | 04/05/23 | 4228-4229 | Response to Motion for Protective Order |
| R.250-1 | 04/05/23 | 4261 | Exhibit to Response to Motion for Protective Order – Visser Declaration |
| R.250-4 | 04/05/23 | 4272 | Response to Motion for Protective Order – Visser Email |
| R.272 | 05/15/23 | 4443 | Opinion Resolving Show Cause Order and Formal Order of Reprimand |

| Doc. Entry No. | Date Entered | Page ID Range | Description of Doc. |
|---|---|---|---|
| R.273 | 05/15/23 | 4457-4459 | Opinion & Order Granting in Part and Denying in Part Motion for Protective order |
| R.274 | 05/15/23 | 4463 | Protective Order |
| R.276 | 05/25/23 | 4467 | Emergency Motion for Stay |
| R.287 | 06/14/23 | 4660-4662 | Order Denying Motion to Stay |
| R.310 | 07/06/23 | 5130-5172 | May 8, 2023 Show Cause Hearing Transcript |